IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

CHRISTOPHER R. GRACE : CASE NO. 3:14 CV 1480

              Petitioner :

                         : **MEMORANDUM OF OPINION**
-vs- : **AND ORDER**

WARDEN NCCC

              Respondent

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Petitioner Christopher R. Grace filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is currently in the North Central Correctional Complex, serving a sentence of 7 years for drug possession and drug trafficking. Petitioner does not challenge his conviction or his sentence in this case. Instead, he claims he is not receiving proper medical care at NCCC, and his continued incarceration is therefore unconstitutional. He seeks release on parole. For the reasons explained below, Petitioner's claims are not cognizable in habeas corpus. The Court will accordingly deny the Writ.

## I. Background

Petitioner has several complaints concerning the medical care he is receiving at NCCC. He attaches grievances indicating he has a hernia, and severe asthma. He consulted a physician in 2012 who indicated to him that his asthma and steroid treatments would make any surgery very risky and possibly life-threatening. He indicates on February 2, 2013, he was taken to Wyandot Hospital where he was examined by a surgeon for treatment of his hernia. The surgeon indicated to Petitioner that in his professional opinion, Petitioner's condition was inoperable. The physician stated the surgery would be extremely complicated, have potentially serious, if not fatal, consequences, and the size of the hernia made it unlikely that surgery would successfully resolve the condition. Anther grievance suggests he saw the surgeon on January 2, 2014. The decision concerning surgery has not altered. Petitioner contends that because the state cannot treat him, his incarceration is illegal.

## II. Law and Analysis

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Generally, a federal court's authority in a habeas proceeding under § 2254 extends only to determining the legality of a petitioner's state-court conviction and sentence, and not to addressing the conditions of his confinement. See *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits, must seek habeas corpus, because they contest the fact or duration of custody. See *Preiser*,

2

411 U.S. at 484; *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). State prisoners raising constitutional challenges to any other decision or treatment, such as transfer to a new prison, placement in administrative segregation, exclusion from prison programs, or claims which arise from day to day treatment in prison must be brought in a civil rights action. *See Preiser*, 411 U.S. at 484; *Martin*, 391 F.3d at 714; *Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15, 1999) ("The district court properly dismissed Okoro's conditions of confinement claim, because it is not the type of claim that should be brought in a habeas corpus petition, which is designed to test the legality or duration of confinement."); *King v. Schotten*, No. 94-3087, 1994 WL 276906, at *1 (6th Cir. June 21, 1994) (noting that habeas claims "challenging the conditions of [the prisoner's] confinement were also properly dismissed").

Although there is some blurring of the lines between a habeas petition and an action pursuant to 42 U.S.C. § 1983, this case does not approach that line. Petitioner does not challenge either the fact or the duration of his confinement. Instead, he objects to the medical care he is receiving in prison. This claim is clearly a challenge to the conditions of his confinement. Because habeas corpus does not extend to the conditions of confinement, this Court cannot grant the writ. The Petition is dismissed without prejudice to Petitioner filing a civil rights complaint under 42 U.S.C. § 1983.

## VI. Conclusion

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied without prejudice to Petitioner's filing of a civil rights action, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                        /s/Lesley Wells
                                      UNITED STATES DISTRICT JUDGE

Dated: 9 January 2015